
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | No. 12-55570 |
| Plaintiff - Appellant, | D.C. No. 2:11-CV-06704-DDP-VBK |
| v. | |
| DINO BAGLIONI, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted December 4, 2013[**]
Pasadena, California

Before: D.W. NELSON, WARDLAW, and RAWLINSON, Circuit Judges.

Allstate Insurance Company appeals the district court's dismissal of its

lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not err in applying the prerequisites from *Blue Ridge Insurance Co. v. Jacobsen*, 22 P.3d 313 (Cal. 2001), to dismiss Allstate's First Amended Complaint seeking reimbursement from Baglioni. The third *Blue Ridge* prerequisite required Allstate to offer Baglioni the opportunity to assume his own defense before it accepted settlement without his consent, and Allstate concedes that it did not do so. *Blue Ridge*, 22 P.3d at 320–21. We are bound by *Blue Ridge*, and Allstate cannot state a claim for reimbursement against Baglioni without alleging compliance with each of *Blue Ridge*'s prerequisites. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010), *as amended* ("Our duty as a federal court in this case is to ascertain and apply the existing California law. We are bound by pronouncements of the California Supreme Court on applicable state law . . .") (citations and internal quotation marks omitted).

Furthermore, even if Allstate sought a remand to amend its complaint, any amendment would be futile because Allstate concedes that it did not satisfy the third prerequisite of *Blue Ridge*. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

Allstate also moves to strike portions of Baglioni's Supplemental Excerpts of Record and related alternative argument that dismissal was proper because Allstate cannot prove essential elements of its claim. Because *Blue Ridge* controls

2

the outcome of this case, we need not and do not reach Baglioni's alternative argument, and Allstate's motion is accordingly denied as moot. *See Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003).

   **AFFIRMED.**